UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CAROLYN D. BENOIT** | * | **CIVIL ACTION NO. 15-1907** |
| **VS.** | * | **JUDGE DOHERTY** |
| **INTERNATIONAL INSURANCE CO. OF HANOVER, SE, ET AL** | * | **MAGISTRATE JUDGE WHITEHURST** |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This diversity case was filed directly in federal court, under 28 U.S.C. § 1332.  A review of the complaint, however, shows that the plaintiff's allegations with respect to the jurisdictional amount are insufficient.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed.2d 845 (1938); *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983).  To justify dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *St. Paul Mercury*, 303 U.S. at 289, 48 S.Ct. at 590; *Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977).  Bare allegations of jurisdictional facts, however, are insufficient to invest a federal court jurisdiction.  *St. Paul Reinsurance Co.*, 134 F.3d at 1253.

The legal certainty test is inapplicable where the plaintiff does not allege a determinate amount of damages. *St. Paul Reinsurance Co.*, 134 F.3d at 1253. Instead, the burden then becomes a preponderance of the evidence for the party seeking to invoke the court's jurisdiction. *Id.* The party seeking to invoke jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id.*

In the case at bar, plaintiff has not adequately claimed a determinate amount. Further, plaintiff has failed to support his assertion that the amount in controversy meets or exceeds the jurisdictional amount.[1]

**IT IS THEREFORE ORDERED that on or before December 23, 2015**, plaintiff shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable.

Signed this 8th day of December, 2015, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] Relevant jurisdictional facts which should have been included in the complaint include the following: (1) plaintiff's wage basis during her employment; (2) an itemization of plaintiff's damages, including a description of the nature and severity of plaintiff's physical or emotional injuries; (3) dollar amount of medicals which plaintiff will probably incur in the future based upon any current medical diagnosis; (4) lost wages incurred to date; (5) lost wages which plaintiff will probably incur in the future based upon the current medical diagnosis; (6) the basis for any claim for attorney's fees, and the amount thereof; and (7) citations to case law involving similar facts which reflect verdicts in the amount of $75,000.00 or more.