**RECEIVED**

MAR 2 2 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CAROLYN D. BENOIT, ET AL. | CIVIL ACTION NO. 15-1907 |
| VERSUS | JUDGE DOHERTY |
| INT'L INS. CO. OF HANOVER, SE, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Pending before this Court is the Motion for Summary Judgment [Doc. 91] filed by defendants AVR KS Road Properties, LLC, d/b/a Audubon Lake Apartments and AVR Realty Company, LLC (collectively, "defendants"), who seek dismissal of "plaintiffs' claims against [d]efendants, with prejudice," on grounds the plaintiffs cannot prove the essential elements of their claim. The motion is opposed by plaintiffs Carolyn D. Benoit and Norris J. Benoit, Jr. [Doc. 102], and defendants filed a Motion for Leave to File a Reply Brief [Doc. 110], which is GRANTED. For the following reasons, the defendants' motion is DENIED.

**I.   Factual and Procedural Background**

The instant litigation arises out of plaintiff Carolyn Benoit's fall on the stairs outside her apartment at the Audubon Lake Apartment Homes (the "premises"). Ms. Benoit allegedly slipped on roofing debris that was left on the stairs of the apartment complex following the replacement of roofing throughout the premises. The plaintiff alleges she was unable to hold onto the hand railing due to the presence of bird droppings on the railing. The actual cause of the plaintiff's fall is in dispute, however the determination of cause is not pertinent in the instant motion.

The plaintiffs filed suit against AVR KS Road Properties, LLC, Allan Rose, individually and

d/b/a/ AVR Realty Company, The Lynd Company ("Lynd"), and JMI Contractors LLC ("JMI"), as well as various insurance companies.[1] In their amended complaint, the plaintiffs allege AVR, as the owner of the premises, had a duty to ensure the safety of any and all walkways, stairs, stairways, and handrails for tenants and other persons using the common areas of the premises.[2] The plaintiffs allege AVR breached that duty by failing to clean up the roofing debris and the bird droppings that allegedly caused Ms. Benoit's fall. Importantly, the plaintiffs allege the duties of AVR arose *directly and vicariously*, and that the duties arise *under Louisiana law and contractually* by virtue of several contracts entered into by AVR that relate to the premises. In their amended complaint, the plaintiffs specifically allege their claims under Louisiana Civil Code articles 2315,[3] 2316,[4] 2317,[5] and 2322.[6]

---

[1] The insurance companies named as defendants are International Insurance Company of Hannover, SE, The Princeton Excess and Surplus Lines Insurance Company, and Federal Insurance Company.

[2] The plaintiff also alleges JMI failed to adequately remove roofing debris on the stairs upon which she fell, and Lynd failed to properly manage and supervise the property inasmuch as Lynd failed to timely inspect the stairs where the work was being done to ensure the safety of tenants and residents.

[3] Article 2315(A) states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. C. art. 2315 (West 2017).

[4] Article 2316 states: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. C. art. 2316 (West 2017).

[5] Article 2317 states:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La. Civ. C. art. 2317 (West 2017).

Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res

AVR denies all liability to the plaintiffs on grounds AVR owed Ms. Benoit no duty under the circumstances, because AVR is not liable for the negligent acts of its independent contractors, JMI and Lynd. AVR's motion does not address the plaintiffs' allegations that AVR is *directly* liable under the codal articles cited in the complaint, nor does it mention any potential duties that arise contractually by virtue of the various contracts AVR executed which relate to the premises.

## II.  Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party

---

ipsa loquitur in an appropriate case.

La. Civ. C. art. 2317.1 (West 2017).

[6] Article 2322 states:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

La. Civ. C. art. 2322 (West 2017).

may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Proc. 56(e).

As the Fifth Circuit has pointed out:

This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.* ...[S]ummary judgment is appropriate in *any* case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations omitted)(emphasis in original).

In evaluating the evidence provided in support of, and in opposition to a Motion for Summary Judgment, "[t]he court must view facts and inferences in the light most favorable to the party opposing the motion." *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the non-moving party." Id. In evaluating evidence to determine whether a factual dispute exists, "[c]redibility determinations are not part of the summary judgment analysis." Id. To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party *that the jury is not required to believe*, and should give credence to the evidence favoring the non-moving party, *as well as that evidence supporting the moving party that is uncontradicted and unimpeached.*" *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001) (emphases added).

-4-

### III. Law and Analysis

In their amended complaint, the plaintiffs allege that, as the owner of the premises, AVR had a duty, *either directly or vicariously*, to maintain the cleanliness of the premises, and AVR breached that duty by failing to clean up the roofing debris and the bird droppings that allegedly caused – at least in part – Ms. Benoit's fall. Thus, the plaintiff's complaint makes clear the plaintiffs allege direct negligence on the part of AVR, as well as vicarious liability for the actions of AVR's "employees." The plaintiffs' claims are alleged under Articles 2315, 2316, 2317, and 2322 of the Louisiana Civil Code, which give rise to the duty-risk analysis under Louisiana law, and under the provisions of various contracts entered into by AVR.

As an initial matter, this Court notes the question of whether a duty exists is a question of law to be decided by the Court. *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627 (5th Cir. 2007) (applying Louisiana law), *citing Hill v. Lundin & Assoc.*, 260 La. 542, 256 So.2d 620, 623 (1972); *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1204–05 (5th Cir.1992) (construing Louisiana law). *See also Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813 (La.1993). Thus, to survive summary judgment, the plaintiffs must prove AVR owed Ms. Benoit a duty of care. In the instant motion, AVR argues it did not owe a duty to Ms. Benoit under the circumstances of this case because at the time of Ms. Benoit's accident, the premises was managed by AVR's independent contractor, Lynd, which was responsible for the physical maintenance of the premises, including all repair work, while AVR's independent contractor JMI was responsible for cleaning the premises after the roof was replaced. Thus, AVR argues that whether Ms. Benoit's accident was caused by bird droppings on the rail, roofing debris on the stairs, Ms. Benoit's own fault, or some combination thereof, AVR cannot be liable, because it contractually delegated the duties that would have required

it to clean the roofing debris and the bird droppings to its independent contractors, Lynd and/or JMI, and a principal cannot be held liable for the negligence of its independent contractors.

Even if this Court were to assume application of the independent contractor rule, and even if this Court were to assume AVR is not liable for the actions of its independent contractors JMI and Lynd, AVR has not addressed the issue of its own *direct liability* – which has clearly been alleged in the amended complaint – nor has AVR adequately shown that no duties arose by virtue of two contracts not referenced in the instant motion, to wit: (1) the Regulatory Agreement for Multifamily Housing Projects with the U.S. Department of Housing and Urban Development on July 1, 2011 ("HUD Agreement"); and (2) the Apartment Lease Contract between the plaintiff and AVR ("the lease"). The plaintiffs argue the HUD Regulatory Agreement evidences the applicability of the Code of Federal Regulations, which imposes specific duties regarding the safety of tenants on AVR. The plaintiffs further argue the lease itself between the plaintiffs and AVR imposes certain duties on AVR, including duties to keep common areas reasonably clean, to make all reasonable repairs, and to comply with applicable federal, state and local laws regarding safety, sanitation, and fair housing. The plaintiffs argue AVR ignores these two contracts in its analysis of whether AVR owed a duty to the plaintiffs.[7] Furthermore, even if this Court were to assume AVR had contracted to third parties its legal, or contractual, duties, these contracts would not relieve AVR of its legal duties, rather, such contracts might grant AVR a cause of action against those third parties for breach of contract; however, that is not an issue before this Court.

Here, AVR has not made a sufficient showing that it owed *no duty* to the plaintiffs under the theories alleged. Although AVR argues applicability of the independent contractor rule, application

---

[7] This Court notes AVR does, briefly, address the HUD Agreement and the lease in its reply brief.

of this rule – if the rule were, in fact, applicable – would only apply to the actions of AVR's independent contractors, and not the direct action or inaction of AVR. Plaintiffs have also alleged direct negligence on the part of AVR, which AVR has not sufficiently addressed in its motion. Consequently, AVR has not shown that it is entitled to the relief requested. For the foregoing reasons, the instant motion for summary judgment must be DENIED.

### IV.   Conclusion

Considering the foregoing, IT IS ORDERED that the Motion for Summary Judgment [Doc. 91] filed by defendants AVR KS Road Properties, LLC, d/b/a Audubon Lake Apartments and AVR Realty Company, LLC is DENIED for failure of the moving party to carry its burden.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22nd day of March, 2017.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE